1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CLARENCE ALLEN,                          No.  1:23-cv-00503-HBK (HC)

12                  Petitioner,               FINDINGS AND RECOMMENDATIONS TO
                                              DISMISS PETITION FOR FAILURE TO
13        v.                                  STATE A CLAIM[1]

14   D. SAMUELS,                              FOURTEEN-DAY OBJECTION PERIOD

15                  Respondent.               (Doc. No. 1)

16                                            ORDER DIRECTING CLERK OF COURT TO
                                              ASSIGN DISTRICT JUDGE
17

18

19        Petitioner Clarence Allen ("Petitioner"), a state prisoner, initiated this action by filling a

20   pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 on April 4, 2023.  (Doc. No. 1,

21   "Petition").  This matter is now before the Court for preliminary review.  *See* Rules Governing §

22   2254 Cases, Rule 4; 28 U.S.C. § 2243.  For the reasons set forth below, the Court recommends

23   that the Petition be DISMISSED without prejudice for failure to state a cognizable habeas claim.

24                            **I.    BACKGROUND**

25        To the extent discernable, Petitioner challenges the order of restitution fine imposed by

26   the trial court.  (*See generally* Doc. No. 1).  Specifically, Petitioner argues that he does not have

27   ────────────────────

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

                                          1

the means to pay the restitution amount ordered by the trial court, and that the trial court exceeded its authority by improperly determining the amount he was able to pay.  (*Id*. at 2-21).  As relief, Petitioner asks the Court to "remand this petition for specific findings with regard to the petitioner's inability to pay the trial court's ordered restitution."  (*Id*. at 21).

## II.   APPLICABLE LAW AND ANALYSIS

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4.  *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).  However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### A.  Failure to State a Cognizable Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim.  *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," a habeas claim is not appropriate).

Here, Petitioner does not challenge the fact or duration of his confinement, nor does he

seek an immediate or more expedient release from prison.  Rather, the gravamen of the Petition consists entirely of Petitioner's assertion that the trial court improperly imposed a restitution fine in excess of his ability to pay.  (*See generally* Doc. No. 1).  The Ninth Circuit has made clear that § 2254 does not confer jurisdiction over a habeas petition raising an in-custody challenge to a restitution order.  *See Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) (noting the Ninth Circuit has "repeatedly recognized that the imposition of a fine, by itself, is not sufficient to meet § 2254's jurisdictional requirements"); *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir.1998) ("[C]ourts hold that the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement.")(gathering cases)); *Gutierrez v. Groves*, 2017 WL 840655, at *62 (E.D. Cal. Mar. 3, 2017) ("Petitioner is not in custody pursuant to a restitution fine; therefore, a challenge to the restitution fine has no effect on Petitioner's custody."); *Scott v. Compton Superior Court*, 2020 WL 2797296, at *2 (C.D. Cal. May 28, 2020) ("Petitioner's claim challenging his restitution fine, however, does not 'call into question the lawfulness of the conviction or confinement[,]' challenge the fact or duration of his custody, or 'seek[] immediate or speedier release.' Petitioner's claim, is therefore, not cognizable under Section 2254.  Because Petitioner's challenge to his restitution fine is not cognizable via a petition for writ of habeas corpus and it appears that no tenable claim for relief can be pleaded were leave granted to file an amended petition, the undersigned recommends the petition be dismissed.

## III.  CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  To appeal, a prisoner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason

1  would find it debatable whether the petition states a valid claim of the denial of a constitutional

2  right and that jurists of reason would find it debatable whether the district court was correct in its

3  procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar

4  is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

5  could not conclude either that the district court erred in dismissing the petition or that the

6  petitioner should be allowed to proceed further." *Id*.  Here, reasonable jurists would not find the

7  undersigned's conclusion debatable or conclude that petitioner should proceed further.  The

8  undersigned therefore recommends that a certificate of appealability not issue

9          Accordingly, it is **ORDERED**:

10         The Clerk of Court is directed shall assign this case to a district judge for the purposes of

11  reviewing these findings and recommendations.

12         Further, it is **RECOMMENDED**:

13     1.   The Petition (Doc. No. 1) be DISMISSED for failure to state a cognizable habeas

14          claim.

15     2.   Petitioner be denied a certificate of appealability.

16                                   **NOTICE TO PARTIES**

17         These findings and recommendations will be submitted to the United States district judge

18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14)**

19  **days** after being served with these findings and recommendations, a party may file written

20  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

21  Findings and Recommendations."  Parties are advised that failure to file objections within the

22  specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

23  838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

24  Dated:    May 24, 2023

25                                   HELENA M. BARCH-KUCHTA
                                     UNITED STATES MAGISTRATE JUDGE

26

27

28

                                         4