**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLARENCE ALLEN,<br><br>    Petitioner,<br><br>    v.<br><br>D. SAMUELS,<br><br>    Respondent. | Case No.: 1:23-cv-0503 JLT HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 6) |

Clarence Allen, a state prisoner, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) The assigned magistrate judge conducted a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. On May 24, 2023, the magistrate judge found Petitioner failed to state a claim and recommended the Petition be dismissed. (Doc. 6 at 2-4.) The Court served the Findings and Recommendations on Petitioner on the same date and notified him that any objections must be filed within 14 days. (*Id.* at 4.) In addition, the Court advised that the "that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).) Petitioner has not filed objections, and the deadline to do so has expired.

According to 28 U.S.C. § 636 (b)(1)(C), the Court conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes the Findings and

1

Recommendations are supported by the record and proper analysis. In addition, the Court declines to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, it may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While Petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 24, 2023 (Doc. 6), are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.
3. The Court declines to issue a certificate of appealability.
4. The Clerk of Court is to terminate any pending deadlines and **CLOSE** the case.

IT IS SO ORDERED.

Dated:   **June 23, 2023**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE